UNION BANK *vs.* MACDONALD.

APPEAL FROM THE COURT OF THE EIGHTH JUDICIAL DISTRICT, FOR THE PARISH OF ST. TAMMANY, THE JUDGE THEREOF PRESIDING.

The banks retain the capacity to sue and stand in judgment, notwithstanding the suspension of specie payments by them, for a longer period than that allowed by their charters.

A plea, in reconvention, claiming damages for alleged injury done to the credit, &c., of the defendant by suing him on his own notes, will be rejected, as there is no connection between the two demands.

This is an action against the maker of several promissory notes. He admitted his signature ; and denied that the Union Bank could sue or stand in judgment, as it had for-

EASTERN DIST.
*March*, 1840.

UNION BANK
*vs*
MACDONALD.

feited its charter by a suspension of specie payments. The defendant annexed several interrogatories propounded to the bank, touching the suspension and forfeiture ; calling on it to state the facts, and time of suspension, &c. The plaintiff's counsel excepted to answering these interrogatories, on the ground that a corporation was not bound to answer, and could not answer by the president and directors, who are mere agents. The exceptions were sustained by the court.

The defendant asked leave to file a supplemental answer, containing a demand in reconvention for damages, for injury done his credit and reputation in the suit. The leave was refused, and a bill of exceptions taken to the decision of the court.

The cause was submitted to a jury, who returned a verdict for the plaintiff; and from judgment rendered thereon the defendant appealed.

*Penn,* for the plaintiff and appellee, prayed the affirmance of the judgment, with the maximum of damages and costs.

*Martin, J.,* delivered the opinion of the court.

The defendant, sued as maker of several promissory notes, did not deny his signature to either of them, but pleaded exceptions to the plaintiffs' right to sue, having forfeited their charter by suspending specie payments. He also propounded interrogatories to the plaintiffs to establish this fact, which were excepted to by their counsel, and the exceptions sustained by the court. The defendant has no claim on this court for relief on the merits.

The banks retain the capacity to sue and stand in judgment, notwithstanding the suspension of specie payments by them for a longer period than that allowed by their charters.

A plea in reconvention, claiming damages for alleged injury done to the credit, &c., of the defendant, by suing him on his own notes, will be rejected, as there is no connection between the two demands.

The decision of this court in the case of the Atchafalaya Bank *vs.* Dawson, 13 *Louisiana Reports,* 497, renders it unnecessary to examine whether the exceptions were correctly sustained or not : And whether the judge correctly refused to admit evidence of the bank having suspended the payment of its notes in specie.

Our attention has been drawn to the refusal of the court to permit the defendant to file a supplemental answer, or plea in reconvention, seeking damages for injury done to his cha-

racter and credit. As there was no connection between this matter and that which was the object of the suit, the leave was, in our opinion, correctly denied him.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.